Matter of Genesis H. (Celestine C.) (2021 NY Slip Op 03254)





Matter of Genesis H. (Celestine C.)


2021 NY Slip Op 03254


Decided on May 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 20, 2021

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Mendez, JJ. 


Docket No. Nn-11170/19 Appeal No. 13883 Case No. 2020-03421 

[*1]In the Matter of Genesis H., A Dependent Child Under Eighteen Years of Age, etc., Marquella M., Respondent-Respondent, Celestine C., Interested Party-Appellant, Administration for Children's Services, Petitioner-Respondent.


Daniel X. Robinson, New York, for appellant.
James E. Johnson, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for respondent.
Karen Freedman, Lawyers for Children, New York (Shirim Nothenberg of counsel), attorney for the child.



Appeal from order, Family Court, New York County (Jane Pearl, J.), entered on or about August 6, 2020, which denied interested party-appellant's motion for the temporary release of the subject child into her care in Georgia, unanimously dismissed, without costs, as moot.
Interested party-appellant is the child's maternal grandmother, a Georgia resident, who had a legal custody order in effect, domesticated in Georgia, at the time that the child was removed from respondent mother's home in New York and remanded into the custody of petitioner agency. In the instant order, Family Court invoked the Interstate Compact on the Placement of Children (ICPC) (codified at Social Services Law § 374-a) and denied the grandmother's motion for the release of the subject child into her care pending the outcome of a neglect proceeding against the mother on the ground that the court had the responsibility and the obligation to obtain evidence as to whether the child could safely and appropriately reside with the grandmother. The grandmother and the attorney for the child argue that the Family Court erred in its determination that the ICPC applied to this case.
This issue was rendered moot when the Georgia court exercised its jurisdiction and granted the grandmother's petition for a writ of habeas corpus, returning the child to her care. Although, given the grandmother's legal right to custody of the child, we find that Family Court erred in conditioning the child's release to the grandmother pending successful completion of the ICPC process, for the same reason we find that the issue will not typically evade judicial review (see Matter of Hearst Corp. v Clyne , 50 NY2d 707, 714-715 [1980]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2021